Aaron Kaufmann, (Cal. Bar No. 148580)
Afroz Baig, (Cal. Bar No. 308324)
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
abaig@leonardcarder.com

Attorneys for PLAINTIFF Danielle Robinson
and Others Similarly Situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELLE ROBINSON, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>DREAMCLOUD BRAND LLC, d/b/a RESIDENT HOME, LLC, a Delaware Corporation,<br><br>DEFENDANT. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT [29 U.S.C. § 216(b)]**<br><br>**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.)**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF Danielle Robinson ("PLAINTIFF" or "Ms. Robinson"), by and through her attorneys at the law firm of Leonard Carder, LLP, alleges as follows on behalf of herself and all others similarly situated:

**INTRODUCTION**

1. PLAINTIFF worked for Defendant DREAMCLOUD BRAND LLC, d/b/a Resident Home, LLC ("DREAMCLOUD") as a Customer Service Representative. DREAMCLOUD misclassified her as an "independent contractor" rather than as its employee. DREAMCLOUD paid PLAINTIFF by the hour, but failed to pay the overtime premium pay for all hours worked over 40 in a week as is required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. PLAINTIFF brings this case on behalf of herself and all other similarly situated individuals who

have worked as Customer Service Representatives for DREAMCLOUD and whom DREAMCLOUD misclassified as independent contractors.

2. PLAINTIFF bring claims under the FLSA, 29 U.S.C. §§ 207, 216(b), for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs on behalf of herself and on behalf of similarly situated individuals who worked for DREAMCLOUD as Customer Service Representatives throughout the United States, and who were classified by DREAMCLOUD as "independent contractors" (collectively hereafter "CUSTOMER SERVICE REPRESENTATIVES"). PLAINTIFF, and those similarly situated, were subjected to DREAMCLOUD's knowing and willful policy and practice of misclassifying them as independent contractors and not paying them overtime premium pay as required by the FLSA.

## JURISDICTION

3. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, as the claims arise under the FLSA, 29 U.S.C. § 201, *et seq.*

## VENUE

4. Venue is proper in the United States District Court, Northern District of California, San Francisco-Oakland Division pursuant to 28 U.S.C. § 1391 and Civil Local Rule 3-2(d), because Defendant DREAMCLOUD operates from its headquarters in East Palo Alto, California, has directed PLAINTIFF's work and the work of others similarly situated from its headquarters within this District, and has issued employment compensation to PLAINTIFF and others from facilities in this District.

## PARTIES

5. PLAINTIFF Danielle Robinson resides in Macon, Georgia. She worked as a CUSTOMER SERVICE REPRESENTATIVE for DREAMCLOUD out of her home in Macon, Georgia from approximately September 23, 2019, until December 31, 2019, when DREAMCLOUD terminated her employment. PLAINTIFF signed and hereby files as Exhibit A hereto a consent form to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

6. The collective action claims are brought on behalf of PLAINTIFF and all CUSTOMER SERVICE REPRESENTATIVES who file a valid consent to join and who worked for DREAMCLOUD during the period commencing three years prior to the filing of their respective consents to join.

7. Defendant DREAMCLOUD Brand LLC is a Delaware Corporation. DREAMCLOUD has its corporate headquarters in East Palo Alto, California. DREAMCLOUD was PLAINTIFF's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

## STATEMENT OF FACTS

8. DREAMCLOUD, d/b/a Resident Home, is an online retail business that sells mattresses and home goods to consumers. The company owns and operates multiple brands that produce and/or distribute the mattresses and other home goods it sells directly to consumers through one of three websites -- www.dreamcloudsleep.com, nectarsleep.com, and levelsleep.com.

9. During the applicable statutory period, PLAINTIFF, and those similarly situated, worked as Customer Service Representatives for DREAMCLOUD.

10. DREAMCLOUD represented to PLAINTIFF and to others that it would convert Customer Service Representatives from independent contractors to employees after they work the job for at least a period of 100 days. PLAINTIFF was terminated before completing her 100 days with the company.

11. Shortly before her termination, PLAINTIFF spoke with the United States Internal Revenue Service and understood from that dialogue that she may have been misclassified as an independent contractor for tax purposes. PLAINTIFF then contacted DREAMCLOUD on December 23, 2019, to seek more information regarding the company's justifications for classifying her as an independent contractor. DREAMCLOUD terminated her employment approximately seven days later on December 30, 2019. To date PLAINTIFF has not received a response from DREAMCLOUD regarding the company's justification for classifying her as an independent contractor.

12. PLAINTIFF and the other CUSTOMER SERVICE REPRESENTATIVES worked remotely, responding to customer inquiries about products and online orders that come through

DREAMCLOUD's on-line platform. The CUSTOMER SERVICE REPRESENTATIVES use e-mail, an on-line chat program, and/or telephone to communicate with the customers. PLAINTIFF received scripts from DREAMCLOUD to guide e-mail and chat interactions with customers.

13. DREAMCLOUD provided PLAINTIFF and CUSTOMER SERVICE REPRESENTATIVES tools for performing their jobs, including a computer, telephone headset, keyboard, mouse, computer monitor, and access to DREAMCLOUD's website and electronic platform for communicating with customers and processing orders and returns.

14. Throughout the applicable statutory period, DREAMCLOUD directed and controlled PLAINTIFF's and CUSTOMER SERVICE REPRESENTATIVES's work.

15. PLAINTIFF and other CUSTOMER SERVICE REPRESENTATIVES worked shifts scheduled by DREAMCLOUD. PLAINTIFF was typically scheduled for five shifts a week, each scheduled for 9 hours, which included a 30 minute uncompensated meal period. However, she frequently worked past her pre-scheduled shift-ending time.

16. At the beginning of each shift, PLAINTIFF and the other CUSTOMER SERVICE REPRESENTATIVES logged onto the DREAMCLOUD platform called COMM100, on their computers; and, at the end of each shift, they logged out of the platform. PLAINTIFF and the other CUSTOMER SERVICE REPRESENTATIVES also logged out for 30-minute meal breaks during the middle of their shifts. In addition to using DREAMCLOUD's timekeeping system to track her work hours, PLAINTIFF was required to report to DREAMCLOUD, using a Slack messaging system, about any breaks she took, and when she clocked in and out of work.

17. Every two weeks, PLAINTIFF was required to submit her hours worked to DREAMCLOUD using a Google form. PLAINTIFF used the time records from COMM100 to fill out the Google form and report her hours worked.

18. Additionally, DREAMCLOUD had access to the records of hours worked by PLAINTIFF that were recorded in COMM100, and DREAMCLOUD maintained the ability to adjust the records in the timekeeping system.

//

//

19. In performing their customer service work, DREAMCLOUD expected PLAINTIFF and the other CUSTOMER SERVICE REPRESENTATIVES to follow company-prepared scripts and use template text responses populated by the DREAMCLOUD platform.

20. DREAMCLOUD supervisors monitored PLAINTIFF's work and the work of other CUSTOMER SERVICE REPRESENTATIVES by ensuring that Plaintiff met her daily goals for work performance. These goals included responding to 200 e-mails per day, and engaging with two customers simultaneously by chat through the website.

21. DREAMCLOUD required PLAINTIFF and other CUSTOMER SERVICE REPRESENTATIVES to attend weekly team meetings and individual coaching meetings, which were conducted through Slack video conferencing.

22. During her last two months with DREAMCLOUD, as business picked up and at DREAMCLOUD's request, PLAINTIFF typically worked 50 hours per week. On information and belief, other CUSTOMER SERVICE REPRESENTATIVES also worked in excess of 40 hours a week.

23. At times, PLAINTIFF was asked to continue working past the end of her scheduled shift. When this occurred she was asked to select how many additional hours she could continue working. At other times, PLAINTIFF was asked to sign up to work overtime hours, outside of her scheduled shift, at a future date.

24. When PLAINTIFF worked over 40 hours a week, DREAMCLOUD only paid PLAINTIFF her regular hourly rate of $13.00 for each overtime hour worked; it did not pay her any premium pay for working overtime. Defendants' conduct, as set forth in this Complaint, is willful and in bad faith. Defendants operated under a scheme that damaged PLAINTIFF and the other CUSTOMER SERVICE REPRESENTATIVES.

**COLLECTIVE ACTION ALLEGATIONS**

25. PLAINTIFF brings the claims herein for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of CUSTOMER SERVICE REPRESENTATIVES. The similarly situated employees include all persons employed by DREAMCLOUD, anywhere in the United States as Customer Service Representatives, who

1  DREAMCLOUD classified as "independent contractors" and to whom it did not pay overtime
2  compensation pursuant to the FLSA, at any time starting three years prior to the filing of the initial
3  complaint in this action until trial of this action.

4        26.    PLAINTIFF Danielle Robinson and the other CUSTOMER SERVICE
5  REPRESENTATIVES are similarly situated, having performed substantially similar duties for
6  DREAMCLOUD, and being subject to DREAMCLOUD's common policy and/or practice of
7  unlawfully classifying CUSTOMER SERVICE REPRESENTATIVES as "independent
8  contractors" and thereby avoiding its obligations to pay overtime compensation pursuant to the
9  FLSA, 29 U.S.C. § 207.

10        27.    The claim for violations of the FLSA may be brought and maintained as an "opt-in"
11  collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because
12  PLAINTIFF's claims are similar to the claims of the CUSTOMER SERVICE
13  REPRESENTATIVES.

14        28.    The names and addresses of the CUSTOMER SERVICE REPRESENTATIVES are
15  available from DREAMCLOUD. Accordingly, PLAINTIFFS pray herein for an Order requiring
16  DREAMCLOUD to provide the names and all available locating information for all members of
17  the Collective Action, so notice can be provided to the class of the pendency of this action, and
18  their right to opt in to this action.

19  **DAMAGES**

20        29.    As a direct, foreseeable, and proximate result of DREAMCLOUD's conduct,
21  PLAINTIFF and similarly situated CUSTOMER SERVICE REPRESENTATIVES are owed
22  overtime compensation plus interest, liquidated damages, costs of the suit and reasonable
23  attorneys' fees pursuant to 29 U.S.C. §216(b). The precise amount of damages will be proved at
24  trial.
25  //
26  //
27  //
28  //

**CLAIMS FOR RELIEF**

**COUNT I: FAIR LABOR STANDARDS ACT**

29 U.S.C. § 201, *et seq.*

(On Behalf of PLAINTIFF and CUSTOMER SERVICE REPRESENTATIVES)

30. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs.

31. At all relevant times, DREAMCLOUD has been, and continues to be, an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, DREAMCLOUD has employed, and continues to employ Customer Service Representatives, including PLAINTIFF, and each of the CUSTOMER SERVICE REPRESENTATIVES. PLAINTIFF is informed and believes, and based thereon alleges that DREAMCLOUD had annual dollar volume of sales ranging from $40 million to $250 million during the applicable statutory period.

32. PLAINTIFF consents to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). It is likely that other individuals will sign consent forms and join in this claim in the future.

33. The FLSA requires each covered employer, such as DREAMCLOUD, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a week.

34. PLAINTIFF and CUSTOMER SERVICE REPRESENTATIVES are entitled to be paid the statutorily required overtime compensation for all overtime hours worked. At all relevant times, DREAMCLOUD had a policy and practice of failing and refusing to pay overtime pay to the PLAINTIFF and CUSTOMER SERVICE REPRESENTATIVES for their hours worked in excess of 40 hours per week. By failing to compensate PLAINTIFF and the CUSTOMER SERVICE REPRESENTATIVES at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, DREAMCLOUD has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

35. DREAMCLOUD's conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. PLAINTIFF, on behalf of herself and the CUSTOMER SERVICE REPRESENTATIVES, seeks damages in the amount of all unpaid overtime compensation owed to her and the CUSTOMER SERVICE REPRESENTATIVES, liquidated damages as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

37. PLAINTIFF, on behalf of herself and the CUSTOMER SERVICE REPRESENTATIVES, seek recovery of attorneys' fees and costs of action to be paid by DREAMCLOUD, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on behalf of herself and the above-described CUSTOMER SERVICE REPRESENTATIVES, requests relief as follows:

A. Designation of this action as a collective action on behalf of the CUSTOMER SERVICE REPRESENTATIVES and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Designation of PLAINTIFF Danielle Robinson as Representative of the Collective Action;

C. Judgment that PLAINTIFF and those similarly situated are non-exempt employees, and entitled to the protections of the FLSA;

D. Judgment that DREAMCLOUD violated the overtime provisions of the FLSA;

E. Judgment that DREAMCLOUD's violation of the FLSA, as described above, is willful;

F.  An award of damages to PLAINTIFF and CUSTOMER SERVICE REPRESENTATIVES for unpaid back pay at the applicable overtime rate;

G.  An award to PLAINTIFF and those similarly situated for liquidated damages;

H.  An award of reasonable attorneys' fees and costs;

I.  Pre-Judgment and Post-Judgment interest, as provided by law;

J.  Leave to add additional PLAINTIFFs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.  Such other legal equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF respectfully requests a trial by jury on all claims presented in this Complaint.

Dated:  February 25, 2020                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Aaron Kaufmann*
Aaron Kaufmann, CA SBN 148580
Afroz Baig, CA SBN 308324
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
abaig@leonardcarder.com

*Attorneys for PLAINTIFF and Others Similarly Situated*

**EXHIBIT A**

## CONSENT TO JOIN FLSA LAWSUIT

I hereby consent to join the collective action lawsuit, *Robinson v. DREAMCLOUD BRAND LLC*, filed in the Northern District of California, as a party plaintiff, to assert claims against DREAMCLOUD BRAND LLC (and any other entities that may be added as Defendants) for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. I further consent to be represented by the Plaintiff's attorneys at Leonard Carder, LLP.

Executed in ____Macon, GA_____, on ___2/25/2020_____.
                      City, State                     Date

DocuSigned by:
*Danielle Robinson*
Signature — 4FAD0BB40CAD4C9...

Danielle Robinson
_____
Printed Name