1  ARTHUR M. EIDELHOCH, Bar No. 168096
   aeidelhoch@littler.com
2  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
3  WILLIAM A. COSMOPULOS, Bar No. 312908
   bcosmopulos@littler.com
4  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
5  San Francisco, CA  94104
   Telephone:   415.433.1940
6  Facsimile:    415.399.8490

7  Attorneys for Defendant
   DREAMCLOUD BRAND LLC, d/b/a RESIDENT
8  HOME, LLC

9  AARON KAUFMANN, Bar No. 148580
   akaufmann@leonardcarder.com
10 AFROZ BAIG, Bar No. 308324
   abaig@leonardcarder.com
11 LEONARD CARDER, LLP
   1999 Harrison Street, Suite 2700
12 Oakland, CA 94612
   Telephone:  510.272.0169
13 Facsimile:    510.272.0174

14 Attorneys for Plaintiff
   DANIELLE ROBINSON, on behalf of herself and all
15 others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE ROBINSON, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DREAMCLOUD BRAND LLC, d/b/a RESIDENT HOME, LLC, a Delaware Corporation,<br><br>        Defendant. | Case No.  20-cv-01401-JCS<br><br>**JOINT STIPULATION AND [PROPOSED] FINAL ORDER & JUDGMENT**<br><br>**GRANTED AS MODIFIED** |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT STIPULATION AND [PROPOSED] FINAL ORDER AND JUDGMENT

Defendant RESIDENT HOME, LLC ("Defendant") and Plaintiff DANIELLE ROBINSON ("Plaintiff") (collectively the "Parties"), by and through their respective counsel, hereby stipulate and request the Court to Order as follows:

WHEREAS, on February 12, 2021, the Parties appeared before the Honorable Joseph C. Spero, Chief Magistrate Judge for the United States District Court for the Northern District of California for hearing on Plaintiff's Motion for Approval of FLSA Settlement;

WHEREAS, at the hearing, the Court requested the Parties add clarifying language to the Settlement Agreement regarding the impact of the agreed-to Right of Revocation in Paragraph 31 of the Parties' Settlement Agreement on Settlement Payments already delivered to and cashed by Putative Collection Members at the time Defendant invokes the Right of Revocation;

WHEREAS, it is the intent of the Parties that such Right of Revocation affects only the provision for payment and potential repayment of Attorneys' Fees pursuant to the Settlement Agreement if Defendant elects to invoke the Right of Revocation in Paragraph 31;

WHEREAS, the Parties have reached an agreement to add such clarifying language to the end of Paragraph 31 as follows: "If Defendant elects to revoke the Settlement Agreement pursuant to this Paragraph, such revocation will not result in any claims by Defendant for reimbursement of Settlement Payments already delivered to and cashed by Putative Collective Members, but rather only on the payment and return of Attorneys' Fees as provided in Paragraph 22. In such instance, the Settlement Agreement remains binding on all Putative Collective Members that have cashed their settlement checks, and the proceeding will remain Dismissed pursuant to the Settlement Agreement."

WHEREAS, at the hearing, the Court requested the Parties add language to the Court-Authorized Notice and to the legend on the back of checks to be issued to Collective Action Members that make explicit that by cashing the checks the Collective Action Members were consenting to the jurisdiction of a U.S. Magistrate Judge for purposes of this lawsuit.

WHEREAS, the Parties have reached an agreement to add language regarding participating Collective Action Members' consent to a U.S. Magistrate Judge as incorporated in the Court-Authorized Notice, submitted herewith as Exhibit A, and to the check legend, as set forth in Exhibit B submitted herewith.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1.

JOINT STIPULATION AND [PROPOSED] FINAL ORDER AND JUDGMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED and jointly and respectfully requested by and between the Parties, through their respective counsel, that the following sentences be included at the end of Paragraph 31 of the Settlement Agreement: "If Defendant elects to revoke the Settlement Agreement pursuant to this Paragraph, such revocation will not result in any claims by Defendant for reimbursement of Settlement Payments already delivered to and cashed by Putative Collective Members, but rather only on the payment and return of Attorneys' Fees as provided in Paragraph 22. In such instance, the Settlement Agreement remains binding on all Putative Collective Members that have cashed their settlement checks, and the proceeding will remain Dismissed pursuant to the Settlement Agreement."

Dated: February 23, 2021

/s/ William A. Cosmopulos
ARTHUR M. EIDELHOCH
SOPHIA BEHNIA
WILLIAM A. COSMOPULOS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
RESIDENT HOME, LLC

Dated: February 23, 2021

/s/ Aaron Kaufmann
AARON KAUFMANN
AFROZ BAIG
LEONARD CARDER, LLP
Attorneys for Plaintiff
DANIELLE ROBINSON AND OTHERS
SIMILARLY SITUATED

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1, I, the filer of this document, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Aaron Kaufmann
Aaron Kaufmann

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

JOINT STIPULATION AND [PROPOSED] FINAL ORDER AND JUDGMENT

**[PROPOSED] ORDER**

The Court, having considered the parties' Fair Labor Standards Act Settlement agreement, Plaintiff's Unopposed Motion for Approval of FLSA Settlement and supporting declarations, Defendant Resident Home's Statement of Non-opposition to the Motion for Approval of FLSA Settlement, and all other materials properly before the Court, and having conducted an inquiry pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, hereby finds and orders as follows:

1. The Court grants the Parties' Joint Stipulation to add the following sentences at the end of Paragraph 31 of the Settlement Agreement: "If Defendant elects to revoke the Settlement Agreement pursuant to this Paragraph, such revocation will not result in any claims by Defendant for reimbursement of Settlement Payments already delivered to and cashed by Putative Collective Members, but rather only on the payment and return of Attorneys' Fees as provided in Paragraph 22. In such instance, the Settlement Agreement remains binding on all Putative Collective Members that have cashed their settlement checks, and the proceeding will remain Dismissed pursuant to the Settlement Agreement."

2. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Settlement.

3. The Court will retain exclusive and continuing jurisdiction of this action, and over all the parties to the fullest extent to interpret, enforce, and effectuate the terms, conditions, intents and obligations of the Settlement agreement.

4. The Court finds that the Settlement, which has Defendant Resident Home paying a sum of $32,767.14 to the Putative Collective Members in exchange for limited releases as set forth in the Settlement, was the product of protracted, arms-length negotiations between experienced counsel, with the assistance of a mediator. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Putative Collective Members, and Plaintiff Robinson. The parties are directed to perform in accordance with the terms set forth in the Settlement.

5. The request for a $1,000 incentive award to Plaintiff Danielle Robinson, in exchange for a general release is reasonable, and therefore granted. Plaintiff Robinson shall receive an incentive award of $1,000 pursuant to the terms of the Settlement.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3.

JOINT STIPULATION AND [PROPOSED] FINAL ORDER AND JUDGMENT

6. Plaintiff's counsels' request for attorneys' fees and litigation costs and expenses of $43,315 is approved, as the Court finds these fees and litigation costs and expenses were reasonably incurred in the prosecution of this case.

7. The action is hereby dismissed on the merits and with prejudice.

8. The Court shall have exclusive and continuing jurisdiction over this Action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement and this Final Approval Order.

9. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement, and shall have the Settlement Administrator issue Court-Authorized Notices to Collective Action Members using Exhibit A hereto as the template and to issue checks to Collective Action Members that include the legend language as set forth in Exhibit B hereto.

10. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

11. No later than twenty-one days after the deadline for members of the collective to deposit their settlement checks, the parties shall file a joint status report listing each member who opted into the collective and identifying any issues that remain to be addressed. A status conference will occur on December 3, 2021 at 2:00 PM, with the expectation that the Court will vacate that conference if the status report is filed before that date and no issues remain outstanding.

**IT IS SO ORDERED:**

Dated: March 1, 2021

_____
The Honorable Joseph C. Spero
Chief Magistrate Judge, United States District Court

4818-8164-3741.1 106812.1001